Speech number 8 for argument this morning is United States v. Fong Miss Raume Thank you, your honors. May it please the court. My name is Colleen Raume and I am here representing Mr. Hua Khingfong and we are here today because Which is his surname. It is very confusing because both Hua and Fong are Chinese surnames. Yes, your honor. I believe Fong is his surname. He actually goes by Eric. So he introduced himself to me as Eric Fong. We will be happy to call him what he calls himself. We are here today because after complicated and somewhat confusing arguments regarding the guidelines in this case, the district court used the wrong guidelines calculation as its point of departure in sentencing Mr. Fong. We are asking this court to remand this case for resentencing. Between 2013 and 2015, Mr. Fong conspired with others to operate a marijuana trafficking conspiracy. He was seen as a leader of the group, but ultimately Daniel Zhu was the treasurer of the organization and Mr. Zhu maintained a safe to store the organization's money and a log of the transactions. Now in July of 2014, Mr. Fong's organization Personal Residence was burgled and the thieves took cash that Mr. Fong kept in ceiling tiles. He had recently broken up with his girlfriend and he immediately suspected that she and her new boyfriend had committed this crime. Furious, he recruited some associates to break into her apartment to try to recover his money. In doing so, he procured a gun for them to use in the endeavor. When they entered the apartment, it was unoccupied, no violence was committed against any person, and no money was recovered. These factual statements are contained in paragraphs 12 through 15 of the pre-sentence investigation report. Yes, Your Honor. Is the defense argument here the consequences of those facts or disputing those facts? Your Honor, we're arguing the consequences of those facts. There is one fact that the government argues. Now, the government argues that Mr. Fong was attempting to recover drug proceeds and that these so-called drug proceeds were going to be used to further the drug conspiracy. That is what Mr. Fong contests in this case. The facts as presented are not the facts in the PSR do not necessarily show that these were drug proceeds. There is no evidence that they were going to be used to further the drug. I thought there was testimony of grand jury witnesses saying that some of the cash was from marijuana sales. There were grand jury witnesses who were co-conspirators who said that they assumed or understood that some of the money was made by Mr. Fong by selling drugs. For a couple of reasons, first of all, the district court found that the statements made by the co-conspirators inherently lacked some credibility. The district court found that they were made to satisfy the government, so it didn't wholly credit those. As I said, each of the statements reflected an assumption by a co-conspirator that was not actually supported in fact. I'd also like to just point out that it seems unclear that the district court realized that Mr. Fong did contest that these were drug proceeds and the district court didn't actually contest this in court, but to the extent that it did find that these were drug proceeds, so to speak, the argument is that this court should not find that simply the fact that this was money that Mr. Fong made in conducting... This appears to have been Mr. Fong's personal money. Whether or not he made it by... Let's just assume that it's a fair inference. Drug dealing is a cash business. He deals marijuana. He has thousands and thousands of dollars of cash. Just take that. If we say that we're stuck with that fact, what's the standard of review then in reviewing the judge's drawing of the inference that he was trying to get his drug money back when he broke into his girlfriend's house? Your Honor, the factual finding is reviewed for clear error. I would say the inference that can be drawn from him trying to get back, if we suggest... I guess the question is, is this money that's going to still be used to further the drug conspiracy or is this basically his profit? It seems like there are two inferences here, right? The government has argued he's trying to get his drug money back. He said, no, no, no, this is just a dispute between me and my girlfriend and I just want my stuff back that she stole. There's two inferences available. The judge chose one. I'm saying, do we have to decide whether that was clear error? Well, the court... I guess the question comes in clarifying what constitutes as drug money. If we say, look, he was a drug dealer, he probably made his money by selling drugs. This money came at some point from... But I said to assume that we're stuck with that fact. Let's just assume my question is premised on accepting that this cash that was in his apartment was drug proceeds. If you accept that, tell me about my competing inferences and the judge's choice. That would be clearly erroneous if we're looking at whether or not this was money that was going to support further drug trafficking. My argument in part is that that is what the court should be looking at. Because if you look at... There has to be a sufficient nexus between the robbery on the one hand and the conspiracy on the other hand to use the actions of the robbery to enhance the conspiracy. And to say that simply because... Basically, the government hasn't cited, and I haven't found, any authority that suggests that just the mere fact that these were ill-gotten gains that then he was attempting to recover is sufficient to connect these two with a sufficient nexus. This essentially... I don't think that the fact that this may have been money made when he was drug dealing, but if it was his personal money that this was a big conspiracy, he had gotten his share of the profits, that was his. To say that... Therefore, anything he does with that money, including attempting to recover it, is somehow inextricably linked to the conspiracy and furthers the conspiracy, reaches too far. It's basically akin to concluding that if I go to the doctor and I pay them with money that I earned by being a lawyer, my doctor's visit is related to my job as a lawyer. I believe that the government... In the district court, the government argued that this was money that was going to support the conspiracy, but provided no evidence of that. You're saying... Back to my original question, you're saying that the judge clearly erred by finding that the attempt to recover these proceeds was related to the conspiracy. Yes. That is the argument, Your Honor. This was clear error to connect the two crimes on this basis. However, even if it wasn't clear error, the guidelines were still in this calculated. If this court finds that the district court correctly associated these two events, the court of a proper... First of all, the court still should not have applied the enhancement for the use of violence, as no violence was actually used. None of the guidelines had an enhancement for using violence, so Mr. Fong, who just directed the conspiracy, should not have also gotten that enhancement. Regardless, the robbery and the gun possession should have been grouped then with the conspiracy in calculating the guidelines. You have no further questions. I'll reserve my remaining time for her, but I'll thank you. Mm-hmm. Thank you, counsel. Ms. Klaman. Good morning, and may it please the court. My name is Caitlin Klaman, and I represent the United States. The district court did not clearly err in applying sentencing enhancements for possession of a dangerous weapon and directing the use of violence to the marijuana conspiracy. The record established by preponderance of the evidence that the defendant took these actions to recover drug proceeds and to facilitate the continuation of the ongoing conspiracy. Specifically, the evidence showed that defendant's narcotics business was a cash business. He got fronted drugs, and he fronted drugs to others. Defendant received hundreds of thousands of dollars in cash during the course of the conspiracy, and it was a large amount of cash that was stolen from the defendant's residence, at least $50,000. The money was also stolen at a time when defendant's only source of income was drug trafficking, and the robbery occurred while the conspiracy was ongoing. There's no dispute that the drug conspiracy continued for at least nine months after the robbery. Given this evidence in the record, the district court did not clearly err in concluding the defendant possessed the gun and directed the use of violence in order to protect his drug proceeds. With respect to defendant's grouping argument, defendant waived his objection to the district court's application of the grouping rules. The record shows that the defendant knew the enhancements may be applied and intentionally did not make the argument that the marijuana conspiracy should group with the other two counts. Specifically, the defendant affirmatively argued in his sentencing memorandum that the robbery in 922G counts, but not the conspiracy should be grouped. The defendant argues that his position changed after the district court applied the disputed enhancements, but the defendant was on notice that the government was seeking to apply these enhancements as early as the defendant's entry of the guilty plea. The government's guidelines calculations were included in the plea declaration in this case, and that is a submission by the defendant. This demonstrates an intentional relinquishment of a known right and his waiver. I will end by asking the court to affirm the district court's sentence. Thank you. Thank you, counsel. Anything further? Not much to respond to, but then you only have 15 seconds. That's true, your honor. Unless the court has further questions, I would just like to request that the court first of all hold that simply procuring ill-gotten gains does not make anything that then subsequently happens to those gains connected to the means by which they were procured. You've managed to exhaust your 15 seconds. Thank you, your honor. And please reverse the argument. Thank you, counsel. The case is taken under advisement.